UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| BALDOMERO DURAN, JR; aka DUNCAN, JR, § § § | |
| Petitioner, § | |
| VS. § | CIVIL ACTION NO. C-11-66 |
| § | |
| RICK THALER, § § | |
| Respondent. § | |

## OPINION AND ORDER OF DISMISSAL
## WITHOUT PREJUDICE

Petitioner is an inmate in the Texas Department of Criminal Justice (TDCJ), and currently is incarcerated at the Gib Lewis Unit in Tyler County, Texas. Proceeding *pro se,* petitioner filed this petition in the Houston Division of the Southern District of Texas on a § 2254 form. Initially it was not clear from his petition whether petitioner was challenging a state or a federal court conviction.[1] The District Court in Houston, believing that petitioner was challenging a Nueces County conviction, transferred the case to the Corpus Christi Division (D.E. 3).

In order to determine whether petitioner was challenging a state or federal conviction, the magistrate judge held a telephone conference call on May 4, 2011. Petitioner stated that he was challenging his federal revocation of supervised release in the McAllen Division, in the case titled *United States of America v. Baldomero Duran,* Cause No. 7:01cr375. In that case

---

[1] This case was assigned to a magistrate judge after petitioner consented (D.E. 7, 8). Because petitioner has now clarified that he is challenging the revocation of his supervised release, the referral is withdrawn. *See United States v. Johnston*, 258 F.3d 361 (5th Cir. 2001) (consensual delegation of motion to vacate, set aside, or correct sentence to magistrate judge is unconstitutional).

petitioner was convicted of importing 21 kilograms of marihuana and sentenced to 36 months in the custody of the Bureau of Prisons to be followed by a three-year term of supervised release (7:01cr375, D.E. 25). His supervised release was revoked on April 29, 2005, and he was sentenced to eight months of custody to be followed by another 18 months of supervised release (*Id.* at D.E. 42). Petitioner was again accused of violating his supervised release after he was charged in Nueces County with family violence and public intoxication (*Id.* at D.E. 44, 50). Petitioner was appointed the Federal Public Defender and pleaded true to the violations on advice of counsel (*Id.* at D.E. 55). For the violations, petitioner was sentenced on February 24, 2007, to serve nine months in the custody of the Bureau of Prisons, to run concurrently with any sentence imposed on the pending charges in Nueces County (*Id.* at D.E. 62).

Petitioner did not appeal. He has completed serving his nine-month sentence. Petitioner was released to Nueces County where the family violence charges and a felony DWI were pending. Petitioner waived a jury trial on the family violence charge, and the prosecutor used petitioner's plea of true in the federal case to obtain a conviction in the family violence charge. Petitioner was sentenced to serve a term of seven years (enhanced) on the family violence charge, and twelve years (enhanced) on the DWI, to be served concurrently.

Petitioner filed two letter motions and a petition for post conviction writ of habeas corpus in the McAllen case, complaining that his lawyer had been ineffective when he advised petitioner that his plea of true in the federal case could not be used against him in the Nueces County family violence charge (*Id.* at D.E.63, 64, 65). The letters and petition have been treated as a motion to vacate pursuant to 28 U.S.C. § 2255, and a magistrate judge has recommended to Chief Judge Ricardo Hinojosa that the petition be dismissed as barred by the one-year limitations period (*Id.* at D.E. 66). Chief Judge Hinojosa has not ruled on the recommendation. Petitioner

filed this action on February 17, 2011, raising the same issues he had already raised in the McAllen criminal case (D.E. 1).

A § 2255 petition which contests the validity of a conviction or sentence must be filed in the sentencing court. Lee v. Wetzel, 244 F.3d 370, 373, n. 3 (5th Cir. 2001). The issues raised in this petition should have been, and in fact were, filed in the sentencing court. That matter is still pending before the District Court in McAllen. Dismissal is appropriate.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds. In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

Petitioner's case is dismissed on procedural grounds because the issues are duplicative of the issues currently pending before the sentencing court in petitioner's § 2255 motion. Jurists of reason would not find debatable the correctness of the court's procedural ruling; accordingly petitioner he has not made the necessary showing for issuance of a COA.

## CONCLUSION

Based on the foregoing, the petition is dismissed without prejudice to petitioner raising all issues in his pending § 2255 proceeding. A certificate of appealability is denied.

SIGNED and ORDERED this 13th day of May, 2011.

_____
Janis Graham Jack
United States District Judge